UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FCC, LLC d/b/a FIRST CAPITAL WESTERN REGION, LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED PIPE & SUPPLY CO., INC., an Oregon corporation,<br><br>    Defendant. | CV No. 3:12-CV-00694-HZ<br><br>**ORDER APPOINTING RECEIVER AND ISSUING PRELIMINARY INJUNCTION** |

This matter came before the Court on plaintiff's stipulated motion for the appointment of a receiver and issuance of a preliminary injunction. A hearing was held on April 19, 2012. Plaintiff FCC, LLC d/b/a First Capital Western Region, LLC, a Florida limited liability company, ("Plaintiff") was represented by Teresa H. Pearson of Miller Nash LLP. Defendants United Pipe & Supply Co., Inc., an Oregon corporation, ("Defendant"), was represented by Brad

Page 1 -   Order Appointing Receiver and Issuing Preliminary Injunction

T. Summers of Ball Janik, LLP. The proposed receiver, Myers & Co. Consultants, LLC ("Receiver"), was represented by Barry Caplan and Jeffrey C. Misley.

The Court, having been advised by the documents filed in this action, hereby finds as follows:

A.   Notice of this matter has been given to Defendant as required by law, and Defendant has waived all notice requirements;

B.   Defendant and Plaintiff have previously entered into a certain Loan and Security Agreement, dated as of June 10, 2011, as amended from time to time (the "Loan Agreement") and various related loan documents (together with the Loan Agreement, the "Loan Documents").

C.   As of April 12, 2012, the outstanding principal amount of obligations of Defendant owing to Plaintiff under the Loan Documents was $8,197,096.37.

D.   Defendant has advised Plaintiff that Defendant is unable to continue to operate its business as a going concern and Defendant has failed to have excess availability of at least $350,000 as of March 31, 2012, thereby resulting in defaults under the Loan Documents (the "Defaults") and has requested that Plaintiff support Defendant's liquidation plan.

E.   Defendant acknowledges and agrees that all of the obligations under the Loan Documents owing to Plaintiff are valid and enforceable.

F.   Plaintiff is entitled to the appointment of a receiver who has the exclusive and broad power and authority to manage and control the business and property of Defendant in order to liquidate Defendant's Assets, and Plaintiff is entitled to the issuance of a preliminary injunction;

G. Myers & Co. Consultants, LLC is responsible, competent, and qualified to be appointed as receiver for the business and property of Defendant;

H. The Receiver's bond should be set in the amount of $1,000,000.00.

Therefore, it is hereby

ORDERED as follows:

1. Myers & Co. Consultants, LLC ("Receiver") is hereby appointed receiver exclusively to take possession of, control, manage, and operate the business and property of Defendant including all of its inventory, chattel paper, accounts, equipment and general intangibles, all of the Defendant's "goods"; any money, deposit accounts or other assets of the Defendant (collectively, the "Assets"), the proceeds of any of the Assets, including, but not limited to, proceeds of insurance covering the Assets, or any portion thereof, and other tangible and intangible property resulting from the sale or other disposition of the Assets, or any portion thereof or interest therein, for the purpose of preserving and protecting the business and property of the Defendant and liquidating the Assets and using the proceeds thereof to pay the obligations of Defendant to Plaintiff in accordance with the terms of this order.

2. Without limiting the foregoing, the Receiver shall have legal custody and control of the business and property of Defendant, including but not limited to all of its real and personal property, and shall have the following powers and duties with respect thereto:

    a. To take exclusive charge, control, custody, and possession of the business and property of Defendant, tangible and intangible which includes and is not limited to all of the Assets;

  b. To manage, operate, maintain and preserve the business and property of Defendant and dispose of any of the business and property of Defendant, in accordance with the terms of this order;

  c. To collect all profits and proceeds from the business and property of Defendant, including but not limited to accounts, and give receipts therefor;

  d. To make such payments and disbursements as the Receiver deems necessary or appropriate to ensure continued operation of the business and property of the Defendant during the liquidation process, as the Receiver shall determine to be appropriate, to protect and maintain the business and property of the Defendant, and to carry out the Receiver's duties as set forth herein in accordance with the terms of this order;

  e. To sell the business and property of the Defendant. Notwithstanding the foregoing, the receiver shall not sell any Assets of a value less than 85% of book value without obtaining approval of the Court following notice to parties as provided herein.  Any order approving such sale shall provide that the Assets are sold free and clear of all liens and claims, including rights or claims for reclamation under ORS 72.7020 or similar applicable law, and that the proceeds of such sale shall be impressed with any liens, claims or rights encumbering or relating to such Assets to the same extent, validity and priority as such liens attached to the Assets sold;

  f. To give such notices as the Receiver may deem necessary;

      g.      To contract with or hire, pay, direct, discipline, suspend, or discharge all persons deemed necessary by the Receiver for the management, collection, or disposition of the business and property of the Defendant, including the authority to contract for and honor such retention bonuses or incentive compensation programs as the Receiver deems necessary to maximize the recovery from the Assets, provided that the Plaintiff shall have consented to the use of its cash collateral to fund such bonuses or programs;

      h.      To select, employ, and pay legal counsel, accountants, and other professionals, as may be necessary, to assist the Receiver in performing its functions hereunder;

      i.      To the extent necessary and prudent, to obtain and maintain adequate public liability insurance, to the extent adequate insurance does not already exist;

      j.      To the extent necessary and prudent, to obtain and maintain property insurance, with an endorsement for extended coverage, in the full amount of the insurable value of such property;

      k.      To enter into, modify, or terminate any contracts that relate to the business and property of the Defendant, as the Receiver deems necessary or appropriate to properly ensure the continued operation of the business and property of the Defendant (to the extent reasonably prudent to do so), to carry out the Receiver's duties as set forth herein;

l.  To institute, prosecute and defend, compromise, adjust, intervene in, or become a party, by substitution or otherwise, to such actions in proceedings in state or federal courts as may in its opinion be necessary or proper for the benefit of the business and property of the Defendant, or the carrying out of the terms of this Order;

m.  To review the books and records of Defendant to determine if any improper transfers or conveyances were made, and to pursue any necessary actions to recover any funds that were improperly transferred or conveyed; and

n.  To generally do other things that are necessary or incidental to the foregoing specific powers, directions, and general authorities and to take actions relating to the business and property of the Defendant that are provided in the Loan Documents and provided by law.

o.  As a court appointed receiver, the Receiver will exercise its duties under this order with due regard to the interests of Defendant's creditors and other parties-in interest, including but not limited to Plaintiff and Defendant.

p.  Prior to the entry of this Order, Receiver was hired by Defendant as Chief Restructuring Officer ("CRO"). During March and April, 2012, acting as CRO, Receiver entered into various COD and similar transactions with vendors of Defendant. In order to facilitate Receiver's duties to maximize the liquidation value of Defendant's assets, Receiver may complete any such transactions in process as of the date of this Order to the extent said steps are not already permitted under subparagraph 2 (n) herein.

q.  On April 13, 2012, Defendant entered into a Letter Agreement with third party Ferguson Enterprises, Inc. ("Ferguson Sale"). The Receiver's continued consummation of the Ferguson Sale, including disbursing all proceeds from the Ferguson Sale to Plaintiff within 10 days of receipt without further Court approval, is authorized to facilitate the Receiver's general duties under this Order. The Assets being sold in the Ferguson Sale shall be sold free and clear of all liens and claims, including rights or claims for reclamation under ORS 72.7020 or similar applicable law, and the proceeds of such sale shall be impressed with any liens, claims or rights encumbering or relating to such Assets to the same extent, validity and priority as such liens attached to the Assets sold;

3.  Defendant and its officers, directors, agents, representatives, shareholders, and employees shall:

a.  Turn over to the receiver the possession, custody, and control over the business and property of the Defendant, including but not limited to its real and personal property, and the proceeds thereof, and the records, books of account, ledgers and all business records of Defendant, wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and cancelled checks), including but not limited to the rights of Defendant to use telephone numbers, email addressees, websites, and marketing materials;

Page 7 -   Order Appointing Receiver and Issuing Preliminary Injunction

      b.      Turn over to the Receiver all documents which constitute or pertain to the business and property of the Defendant, including but not limited to all licenses, permits or governmental approvals relating to the business and property of the Defendant;

      c.      Turn over to the Receiver all documents which constitute or pertain to insurance policies, whether currently in effect or lapsed, which relate to the business and property of the Defendant;

      d.      Turn over to the Receiver all contracts, leases and subleases, management agreements, franchise agreements, royalty agreements, employment agreements, licenses, assignments or other agreements of any kind whatsoever, whether currently in effect or lapsed, which relate to or are related to any part or all of the business and property of the Defendant; and

      e.      Fully cooperate with the Receiver.

4.      Defendant and its officers, directors, agents, representatives, shareholders, and employees, and all other persons and entities that have notice of this order, are hereby prohibited from:

      a.      Interfering with the Receiver, directly or indirectly, in the management and operation of the business and property of the Defendant, or otherwise directly or indirectly taking any actions or causing any such action to be taken which would dissipate the Assets or negatively affect the operations of the business and property of the Defendant;

Page 8 -    Order Appointing Receiver and Issuing Preliminary Injunction

      b.      Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, or otherwise disposing of the whole or any part of the business and property of the Defendant without the prior written consent of the Receiver and Plaintiff; provided, however, that nothing contained in the Order shall prohibit or restrain the Plaintiff from initiating and/or completing a sale by judicial or nonjudicial foreclosure of any of its collateral as set forth in the Loan Agreement, or any portion thereof, and thereafter taking title and possession thereto; and

      c.      Doing any act which will, or which will tend to, directly or indirectly, impair, defeat, prevent, or prejudice the preservation of the business and property of the Defendant, or Plaintiff's interest in such Assets and operations of the business and property of the Defendant.

5.      The Receiver may maintain a segregated bank account or accounts for the Defendant (the "Account") in its name as receiver at a federally insured banking institution. Upon receipt, all proceeds, profits and moneys derived from the business and property of the Defendant shall be deposited by the Receiver in the Account, and the Receiver shall maintain separate accounting records for the revenues and expenses of the business and property of the Defendant. As an alternative to setting up new bank accounts in the name of the Defendant, the Receiver shall have the authority to operate the business and property of the Defendant using Defendant's existing bank accounts and all existing cash management systems. Until further order of the Court, the Receiver shall apply the proceeds in the Account as follows:

Page 9 -    Order Appointing Receiver and Issuing Preliminary Injunction

  a. First: to the reasonable costs and expenses of taking charge of, possessing, operating, managing, and controlling the business and property of the Defendant, including but not limited to the Assets in accordance with the terms of this order, including but not limited to costs and expenses incurred by the Receiver in exercising its powers and duties as set forth herein, and to payment of the Receiver's compensation as described herein.  To the extent it is possible to do so; the Receiver should pay these expenses from funds unencumbered by any liens;

  b. Second: to Plaintiff, for application against the indebtedness owing to Plaintiff; and

  c. Third: the balance to be retained by the Receiver in the Account pending further order of the Court.

6. The Receiver shall file with the Court a monthly statement showing all receipts and disbursements, in reasonable detail.  The Receiver shall make copies of supporting invoices available to interested parties for review upon reasonable notice.  Each statement shall cover the applicable calendar month and shall be delivered not later than the 15th day of the month next following the reported month. the Receiver shall send by first class mail a copy of the monthly statement, without copies of the supporting receipts and disbursements, to each of the persons named below, at the addresses designated, not later than the 15th day of the month next following the stated month:

Page 10 - Order Appointing Receiver and Issuing Preliminary Injunction

For Plaintiff:

Teresa H. Pearson
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
Phone: (503) 205-2646
Fax:    (503) 224-0155
Email:  teresa.pearson@millernash.com

With a copy to:

Richard Ormond
Buchalter Nemer, APC
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017
Phone: (213) 891-5217
Fax:    (213) 630-5748

For Defendant:

Brad T. Summers
Ball Janik, LLP
Phone: (503) 228-2525
Fax:    (503) 295-1058
Email: tsummers@balljanik.com

Any notices given to the Receiver pursuant to this order shall be provided to:

Conrad Myers CTP
Myers & Co. Consultants, LLC
6327 SW Capitol Hwy, #222
Portland, OR 97239
Phone: (503) 827-4903
Email: conradmyers@myers-co.com

With a copy to:

Barry P. Caplan
Jeffrey C. Misley
Sussman Shank LLP
100SW Broadway, Suite 1400
Portland, OR 97205
Phone: (503) 227-1111

Page 11 -   Order Appointing Receiver and Issuing Preliminary Injunction

Fax: (503) 248-0130
Emails: bcaplan@sussmanshank.com
jmisley@sussmanshank.com

7. As compensation for its services, the Receiver shall be entitled to compensation for its services performed as a receiver at its normal hourly rates. The current standard rate for the Receiver is $360 per hour. The current standard rate for other employees of the Receiver range from $200 to $325.

8. The Receiver may issue demand upon the U.S. Postal service that it grant exclusive possession and control of mail, including postal boxes as may have been used by Defendant, and may direct that certain mail related to the Defendant be re-directed to the Receiver.

9. The Receiver shall further be entitled to engage a locksmith for the purposes of gaining entry to any property that is the subject of this receivership and through any security system, in order to obtain any property or documents to which the Receiver is entitled pursuant to this Order, as well as giving any notices which may be required in performing the Receiver's duties. The Receiver may have locks or security codes changed, or have keys created that will work for the existing locks.

10. The billing rates for the Receiver are subject to periodic review and adjustment. In addition, the Receiver shall be entitled to reimbursement for all reasonable costs and expenses (including but not limited to professional fees) incurred in performing services in this matter. Such reimbursable fees, costs and expenses shall include any incurred by the Receiver in defending litigation brought by any interested party to adjudicate the propriety of any actions the Receiver takes pursuant to this order (except that the Receiver shall not be entitled to

such reimbursement if the Court determines that liability arose from the Receiver's bad faith, gross negligence, willful malfeasance, or reckless disregard of duty).

11.     The Receiver shall give notice to interested parties of the fees to be paid to the Receiver and its professionals on a monthly basis, and shall be authorized to make such payments unless the Receiver receives a written objection within ten days of such notice. If an objection is received, the Receiver may pay any fees not subject to objection, and may promptly file a motion with the Court to have such objection heard and ruled upon.

12.     Within 60 days from the date of this order, the Receiver shall file a report with the Court setting forth (a) a reasonably detailed description of the business and property of the Defendant, (b) the interests in and claims against the business and property of the Defendant;

13.     The Receiver may apply to the Court, after notice to all parties, for further instructions or powers, as may be necessary, to enable it to properly fulfill its duties under this receivership.

14.     Upon reasonable notice to the Receiver, Defendant (and any authorized agent or representative of Defendant) shall be entitled to reasonable access to review the Receiver's operation of the business and property of the Defendant, and otherwise receive information regarding the status of the business and property of the Defendant. Notwithstanding the foregoing, the Receiver will have complete and final authority regarding the operation of the business and property of the Defendant, and the disposition of the Defendant's Assets, subject only to the direction and control of this Court.

15.     The Receiver will not be liable for any act or omission relating to the business and property of the Defendant, nor any of its officers, directors, agents, representatives,

shareholders, and employees, or be held to any personal liability whatsoever in tort, contract, or otherwise in connection with the discharge of its duties under this Order, except for liabilities arising from the Receiver's bad faith, gross negligence, willful malfeasance, or reckless disregard of duty. Without limiting the foregoing, the Receiver shall not be liable to any other party in any way for any damages or liability resulting from the existence or use, discharge, or storage by any person other than the Receiver of any hazardous substance, or for liability for any product produced, sold, or delivered prior to the Receiver's appointment as receiver. In addition, Plaintiff is not liable for any act or omission of the Receiver.

        16.        If the business and property of the Defendant do not generate sufficient revenue following the appointment of the receiver to pay the operating and liquidating expenses and approved charges of the Receiver (including, but not limited to, those described in paragraph 8) and the fees and expenses of any attorneys, accountants, or other professionals employed by the Receiver, the Receiver shall borrow money from Plaintiff to enable the receiver to pay such expenses and Plaintiff shall lend the amount in question to the receivership estate on the basis described in paragraph 17 of this order.

        17.        Within 30 days of the Receiver's appointment hereunder, the receiver shall present to Plaintiff a report identifying any expenditures the Receiver believes need to be made immediately in order to preserve and protect the value of the business and property of the Defendant. If Plaintiff agrees regarding the necessity and cost of the proposed expenditures identified by the Receiver, the Receiver may make such expenditures from cash of the business and property of the Defendant available to the Receiver. If there is not sufficient cash of the business and property of the Defendant available to the Receiver to make expenditures approved

by Plaintiff, the Receiver may request Plaintiff to make an advance to the receivership estate in an amount sufficient to pay for the expenditures in question. If Plaintiff, in its sole and absolute discretion agrees to advance funds to the receivership estate to enable the Receiver to make protective expenditures, and the aggregate amount of such advances by Plaintiff (determined by aggregating all such advances made by them on or after the date of entry of this Order) is less than or equal to $100,000.00, then Plaintiff can advance such amounts to the Receiver on behalf of the estate without notice or a hearing by the Court. If the aggregate amount Plaintiff agrees to advance to the Receiver in respect of protective expenditures is greater than $100,000.00, the Receiver shall file a motion seeking authority to have Plaintiff advance the funds in question (with such advance to be secured in accordance with paragraph 15 of this order). All parties to this action shall be provided at least five (5) business days' notice of the hearing on such a motion. In limitation of the preceding sentence, if the Receiver, in the Receiver's reasonable discretion, determines that: (a) there is a material and immediate risk of impairment to the health or safety of any person, or of immediate, serious, material and irreparable harm to the Defendant's Assets; and (b) a reasonably prudent response to such risk requires that the Receiver obtain funds in less than five (5) days, then the Receiver shall be authorized to apply to Plaintiff for such amount of funds as the Receiver reasonably determines to be appropriate and Plaintiff shall be authorized to advance such amount without regard to the $100,000.00 limitation set forth above, and without notice or a hearing by the Court.

18.     All funds borrowed by the Receiver from Plaintiff shall be deemed to be borrowings by Defendant. The Receiver may execute and issue in favor of Plaintiff promissory notes or other instruments evidencing the indebtedness with respect to all sums borrowed by the

Receiver from Plaintiff on behalf of Defendant. All sums advanced by Plaintiff to the Receiver pursuant to this order, together with interest thereon at the default contract rate, shall be secured by Plaintiff's existing lien and security interest, and otherwise shall constitute a first lien against such Assets. The Receiver shall be required to get written approval from the Plaintiff before entering into any agreements to borrow from a third party.

19. The Receiver may at any time apply to this Court, after notice to all parties, for further or other instructions and powers necessary to enable the Receiver to properly perform its duties.

20. The Receiver shall not be obligated to file any federal or state income tax, returns, schedules or other forms, which continue to be an obligation of the Defendant. The Receiver shall provide such financial, accounting and operating information as is reasonably requested by Defendant to enable Defendant to prepare and file any federal, state or local income tax returns, schedules or other forms.

21. The appointment of the Receiver provided for herein is subject to the Receiver posting security in the amount of $1,000,000.00. The costs of such security shall be paid out of the Assets of the receivership estate. The Receiver is authorized to file a fax or electronic copy of the security so long as the original security is filed in due course.

22. Upon payment in full to Plaintiff of the amounts due to it from Defendant, the Receiver shall file an application to terminate the receivership together with a final accounting. In the event any interested party objects to the termination of the receivership and desires that the receivership continue, then as a condition to continuing the receivership, such interested party shall fund the Receiver's costs and fees until the receivership is terminated. The

Page 16 -   Order Appointing Receiver and Issuing Preliminary Injunction

receivership shall not be terminated, and the rights and obligations of the parties subject to this Order shall remain in full force, until this Court approves the Receiver's final report or until the Court enters an order terminating the receivership.  If such interested party fails to cover such costs and fees of the continuing receivership, the Receiver shall be permitted to resign as Receiver upon ten (10) days' notice.

23. During the receivership, and after termination of the receivership, no party may initiate litigation against the Receiver as receiver without first seeking authority from this Court.  To the extent the Court allows any such litigation to proceed, Plaintiff shall indemnify Receiver for and hold receiver harmless from any and all actions, causes of action, claims, costs, damages, liabilities or expenses, including reasonable attorney fees (collectively "Claims") incurred by the Receiver by reason of, during, and/or arising from its appointment and service as Receiver, except to the extent that they arise from Receiver's bad faith, gross negligence, willful malfeasance, reckless disregard of duty, or fraud, excluding any Claims to the extent same are covered and satisfied by insurance.

24. The Court further orders Plaintiff to immediately file a preliminary injunction bond in the amount of $5,000.00.

DATED this 19th day of April, 2012.

_____
United States District Court Judge

Page 17 -   Order Appointing Receiver and Issuing Preliminary Injunction

Submitted by:

MILLER NASH LLP

_/s/ Teresa H. Pearson_
Teresa H. Pearson, P.C., OSB No. 953750
teresa.pearson@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Plaintiff, FCC, LLC d/b/a
FIRST CAPITAL WESTERN REGION,
LLC, a Florida limited liability company